**Thomas PADO, Plaintiff–Appellant,**

v.

**DELAWARE & HUDSON RAILWAY COMPANY, INC. d/b/a Cp Rail System, Defendant–Appellee.**

**No. 05–1834–CV.**

United States Court of Appeals, Second Circuit.

Nov. 22, 2005.

Gerard J. Martillotti, Davis & Martillotti, P.C., Philadelphia, PA, for Appellant.

Scott A. Barbour, McNamee, Lochner, Titus & Williams, P.C., Albany, NY, for Appellee.

Present: STRAUB, RAGGI, Circuit Judges, and RAKOFF, District Judge.*

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment is AFFIRMED.

This action arises out of injuries sustained by Plaintiff–Appellant Thomas Pado in the course of his employment as a train conductor with Defendant–Appellee Delaware & Hudson Railway Company, Inc., doing business as CP Rail System. The plaintiff brought the case in the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*) pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* He alleged that the defendant's negligence in maintaining safe conditions in the rail yard in question caused him to fall on the tracks and suffer injury.

Following trial, the jury declined to find negligence and returned a verdict in the defendant's favor. The plaintiff then filed a motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a), arguing in pertinent part that the District Court improperly excluded photographs evidencing the overall condition of the rail yard (as opposed to photographs of the area in which the plaintiff fell). The District Court denied the motion, and, judgment having been entered, this appeal followed. We assume the parties' familiarity with the facts, procedural history, and issues presented on appeal.

We review the denial of the Rule 59 motion for abuse of discretion. *Manley v. AmBase Corp.,* 337 F.3d 237, 245 (2d Cir. 2003). "We will reverse the evidentiary rulings of a district court only if they are manifestly erroneous." *Phoenix Assocs. III v. Stone,* 60 F.3d 95, 100 (2d Cir.1995). In this case, we affirm for substantially the reasons stated by the District Court, which found that there was ample testimony on the general condition of rail yard and numerous photographs of the specific area in which the incident occurred. The District Court did not exceed its allowable discretion in concluding that the excluded photographs were cumulative and of limited relevance.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.